UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID JOHNSTON,

                                              Plaintiff,

                                                                                       DECISION AND ORDER

                                                                                       06-CV-6001L

                             v.

GENESEE COUNTY SHERIFF MAHA,
et al.,

                                              Defendants.
_____

Plaintiff, David Johnston, commenced this action *pro se* under 42 U.S.C. § 1983. His seventeen-count complaint asserted an array of claims arising out of certain events that occurred during 2005, while plaintiff was being held at the Genesee County Jail ("Jail"), awaiting trial on pending state criminal charges.

In November 2008, this Court issued a Decision and Order, 584 F.Supp.2d 612, granting defendants' motion for summary judgment, and dismissing the complaint. On appeal by plaintiff, the Court of Appeals the Second Circuit on February 2, 2012 affirmed this Court's judgment dismissing Counts Four through Seventeen of the complaint, and vacated and remanded for further proceedings as to that portion of this Court's judgment that dismissed Counts One, Two and Three. __ Fed. Appx. ___, 2012 WL 313571.

**DISCUSSION**

**I. Count Three**

In Count Three of the complaint, plaintiff alleges that he was assaulted by a correctional officer in July 2005, and that this assault violated his Eighth Amendment right to be free from cruel and unusual punishment. This Court dismissed this claim on the ground that plaintiff had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

The Second Circuit, however, held that "the plaintiff was excused from the requirement of PLRA exhaustion as to Count Three, because the grievance process became unavailable to him when he was moved to a prison facility in a different jurisdiction less than two days after the alleged assault." 2012 WL 313571, at *3. As to the merits of this claim, the court also stated that "[b]ecause there are several clearly material issues of disputed fact regarding the events that gave rise to Count Three, we reverse the District Court's grant of summary judgment on this count and remand for a trial on the merits." *Id.*

In accordance with the Court of Appeals' decision, this Court denies defendants' motion for summary judgment as to Count Three. The factual issues relating to Count Three will have to be decided at trial.

**II. Count One**

Count One arises out of plaintiff's placement in isolation in February 2005  He alleges that his period in isolation, which was imposed without prior notice, and during which he was not given any opportunity to challenge that placement, violated his right to due process of law.

In my prior decision, I found that plaintiff had exhausted his administrative remedies as to this claim, but that defendants were entitled to summary judgment on the merits. Applying the standards for prisoner due process claim set forth in *Sandin v. Conner*, 515 U.S. 472, 484 (1995), this Court stated that "there is no basis upon which one could reasonably conclude that [plaintiff's] conditions of confinement were unusually harsh," during the three or four days that he spent in isolation.

In its decision, the Second Circuit held that this Court had "erred in applying *Sandin v. Conner*, a case applying the Eighth Amendment to claims brought by convicted prisoners, to Johnston, who in February and March 2005 was a pretrial detainee." 2012 WL 313571, at *2. The Court of Appeals stated that this Court "should instead have evaluated Count One ... under the Fourteenth Amendment, which governs the due process rights of pretrial detainees." *Id.*

The Court of Appeals went on to state that it would

> decline to resolve the Fourteenth Amendment issue in the first instance. Although it seems not implausible to us that these claims will survive summary judgment, the question presented here–whether defendants are entitled to summary judgment on plaintiff's argument that he was twice placed in isolation as a form of punishment and was each time denied the opportunity to challenge his placement–must first be answered by the District Court.

The court therefore "vacate[d] the District Court's ruling as to Count One ... and remand[ed] for the application of the correct legal standard ... ." *Id.*[1]

The correct standard to apply here is, as stated, derived from the Fourteenth Amendment's due process guarantee. Under that standard, "pretrial detainees need not show that an imposed restraint imposes atypical and significant hardships to state deprivation of a liberty interest protected by procedural due process." *Benjamin v. Fraser*, 264 F.3d 175, 188–89 (2d Cir. 2001). Rather, a pretrial detainee must show that he was not given notice or an opportunity to be heard before being placed in isolation. *See Hewitt v. Helms*, 459 U.S. 460, 476 and n.8 (1983); *West v. Schwebke*, 333 F.3d 745, 748 (7th Cir. 2003).

The extent and parameters of the process that is due to a pretrial detainee is also dependent on the purpose and need for the restraint on liberty:

> If the purpose is punitive, it is governed by the standard in *Wolff v. McDonnell*[, 418 U.S. 539 (1974)], which requires written notice of the charges at least twenty-four hours before any hearing, a written statement of factual allegations against the inmate, and at least a limited ability to present witnesses and evidence. If the restraint on liberty is administrative–meaning that it is employed to achieve a legitimate government interest, such as protecting the safety of the individual or the general prison population–then it is analyzed under the less protective standard established by the Supreme Court in *Hewitt v. Helms*: an inmate must "merely receive some notice of the charges against him and an opportunity to present his views" to the prison official charged with deciding whether to impose the restraint.

---

[1] The court's reference to plaintiff being "twice placed in isolation" is an allusion to Count Two, which is addressed *infra*.

*Taylor v. Santana*, No. 05 Civ. 1860, 2007 WL 737485, at *4 (S.D.N.Y. Mar. 6, 2007) (citations omitted).

In the case at bar, plaintiff alleges that he was placed in punitive isolation for three days in February 2005, under relatively harsh conditions (including the deprivation of a change of clothing, showers, and unspecified "hygiene [sic] products"), with no advance notice or opportunity to be heard. Complaint ¶ 136. He also alleges that during that confinement, he was not given access to any legal forms or his own legal papers, and that he was not afforded any opportunity to challenge his isolation.

The complaint alleges that the putative reason for plaintiff's isolation was his "having a bed sheet on the cell bars." Complaint ¶ 133. Plaintiff testified at his deposition that he was later written up for having contraband in his cell, including 'homemade alcohol" and "an outrageous amount of books out of the law library ... ." Dkt. #43-2 at 8. Plaintiff alleges that those charges were false.

In support of their motion, defendants argue that they had a legitimate governmental interest in enforcing the rules against inmates' possession of alcohol, and that the "segregation and itemization of Plaintiff's written materials" was also justified. Dkt. #41 at 5. While the Court agrees that jail officials have a legitimate interest in ensuring that detainees and other inmates do not possess alcohol and other contraband, I cannot rule as a matter of law that plaintiff was afforded the process due him under the Fourteenth Amendment, as set forth in the case law cited above. A finding on that issue depends on the reasons for plaintiff's confinement, including the need, if any, for immediate action to remove him from his cell. *Cf. Benjamin*, 264 F.3d at 190 (district court reasonably required post-restraint procedures that conformed to the requirements of *Wolff*, based on evidence supporting facility officials' belief that detainee was dangerous and needed to be restrained immediately). Defendants' motion for summary judgment on Count One is therefore denied.

**III. Count Two**

Count Two of the complaint is factually similar to Count One, but is based on plaintiff's placement in isolation in March 2005. Plaintiff alleges that one of the defendants placed him in an

isolation cell, without prior notice, and told him, "[Y]ou want to be a smart ass[,] you can sit in here for awhile."  Complaint ¶ 153.

In my prior decision, I granted summary judgment on this claim for defendants on the ground that plaintiff had not exhausted his administrative remedies as to this claim.  In its decision, the Second Circuit held that this finding was erroneous, and that the evidence in the record "was sufficient to raise an issue of material fact as to whether he had exhausted his remedies."  The court stated that this issue would properly be resolved at trial.  *See* 2012 WL 313571, at *2 n3.

Thus, defendants are not entitled to summary judgment on this claim on exhaustion grounds.  As to the merits, since this Court did not reach the merits of Count Two, neither did the Second Circuit.  For essentially the same reasons as those stated with respect to Count One, however, I conclude that material issues of fact exist that preclude summary judgment on this claim.  Defendants' motion for summary judgment on Count Two is therefore denied.

## CONCLUSION

Defendants' motion for summary judgment on Counts One, Two and Three of the complaint (Dkt. #39) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 21, 2012.